UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON SMITH and
CHRISTINE SMITH
    Plaintiffs,
-vs.-                                    **DEMAND FOR JURY TRIAL**

FULTON, FRIEDMAN & GULLACE, LLP,
a foreign limited liability partnership,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiffs Jason Smith and Christine Smith, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Fulton Friedman and Gullace, LLP which is an Arizona limited liability company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff, Jason Smith, to Juniper/Barclays Bank in the amount of about $9,841.15.

7. On or about March 22, 2013, Asset Acceptance sued Plaintiff Jason Smith, over this alleged debt in state court. There is no Judgment in this case as Plaintiff filed an Answer to the Complaint in the state court case.

8. On or about April 4, 2013, Defendant called Plaintiff Christine Smith, on her home phone and told her that her assets could be garnished since she is Jason Smith's wife.

9. On or about April 12, 2013, Defendant called Plaintiff, Jason Smith's, mother-in-law. Her name is Vicky Williams. Defendant told Ms. Williams that Jason Smith, owed an alleged debt.

10. At this time, Ms. Williams told Defendant that Jason did not live with her. Ms. Williams asked Defendant to stop calling her.

11. Despite this directive, Defendant called Ms. Williams approximately six times.

12. On or about May 8, 2013, Defendant called Jason Smith's supervisor at work. His name is Phil Peters. Defendant told Mr. Peters that Jason Smith owed an alleged debt.

13. Despite Ms. Williams request for Defendant to stop calling her, Defendant called Ms. Williams up until on or about June 14, 2013.

14. Plaintiff, Christine Smith, is going to see if Ms. Williams wants to be a Plaintiff in this case, however, it is not likely as she probably does not want to get involved.

15. Defendant continued to call Plaintiff, Christine Smith, on her home phone up until around July 17, 2013. Defendant has threatened Christine Smith on more than one occasion with garnishing her assets. They also inquired about Plaintiff, Jason Smith's social security number and asked Christine Smith if they had joint bank accounts.

16. Defendant has also called Plaintiff, Jason Smith, on his cellular phone and has threatened to garnish his wages.

17. On or about August 5, 2013, Defendant's representative, Shareece, told Plaintiff, Christine Smith, that they would take $6100 to settle the alleged debt because that was 50% of the alleged debt. So the alleged debt went from $9,841.15 to $12,220.

18. This is Plaintiffs' FDCPA case against Defendant. The defense of the underlying lawsuit is another matter.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq, including

    a. 15 U.S.C. §1692c by contacting third parties to the debt.  Defendant had no legal justification for calling Ms. Williams or Mr. Mr. Peters and disclosing the alleged debt.  Defendant's actions in doing so violated 15 U.S.C. §1692c of the FDCPA;

    b. 15 U.S.C. §1692d by continuing to call Ms. Williams after she informed the Defendant that Plaintiff Jason Smith does not reside with her and to stop calling;

    c. 15 U.S.C. §1692e by false representing the amount of the debt as $12,220 when the debt was significantly less than that;  also by false representing that the Plaintiff's wages and/or bank accounts could be garnished when the defendant had no present legal right to take any such action;

24. As a direct and proximate cause of the Defendant's actions, the Plaintiffs have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

27. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

29. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

30. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff incorporates the preceding allegations by reference.

32.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

33. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

35. Plaintiff has suffered damages as a result of these violations of the MCPA.

36. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a.  Actual damages.

b.  Statutory damages.

c.  Treble damages.

d.  Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| August 26, 2013 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 213-6397<br>Email – gary@micreditlawyer.com |